Filed 3/9/22  P. v. Pineda CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SERGIO ZARATE PINEDA,<br><br>    Defendant and Appellant. | F081338<br><br>(Fresno Super. Ct. No. CF98603146-2)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Franson, Acting P. J., Meehan, J. and De Santos, J.

## INTRODUCTION

In 1999, appellant Sergio Zarate Pineda[1] pleaded no contest in two different cases to second degree murder and narcotics charges pursuant to a negotiated disposition; he was sentenced to 15 years to life. He did not file appeals from his pleas or the sentence. In 2020, he filed a petition for resentencing in both cases pursuant to Penal Code sections 1016.8 and 1170, subdivision (d), and claimed he was not advised and did not understand his constitutional rights or that he would receive a life sentence. The superior court denied the petition.

On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 24, 1997, an information was filed in the Superior Court of Fresno County case No. CF98603146-2, charging appellant with committing the following felony offenses on April 10, 1997: count 1, possession of methamphetamine for sale (Health & Saf. Code, § 11378),[2] with the special allegation that substance containing methamphetamine exceeded 30 liters of liquid volume (§ 11370.4, subd. (b)(1)); count 2, manufacturing of a controlled substance (§ 11379.6, subd. (a)), with the special allegation that the substance containing methamphetamine exceeded three gallons of liquid volume (§ 11379.8, subd. (a)(1)); and count 3, possession of ephedrine or pseudoephedrine with the intent to manufacture methamphetamine (§ 11383, subd. (c)).

Appellant was alleged to have three prior convictions within the meaning of section 11370.2, subdivisions (a) and (c): possession of heroin for sale in Santa Clara

---

[1] Appellant's name appears in various ways throughout the record. The information and notice of appeal use the name "Sergio Zarate Pineda." We will do the same.

[2] All further statutory references are to the Health and Safety Code unless otherwise stated.

County in 1987 (§ 11351); possession of cocaine for sale, also in 1987; and possession of a controlled substance for sale in Los Angeles County in 1990. He was also alleged to have a prior prison term enhancement based on the 1990 conviction (Pen. Code, § 667.5, subd. (b)).

The record reflects that appellant also had a separate matter pending against him, in case No. CF97603147-0, where he was charged with murder with a firearm enhancement.

**Plea Hearing**

On October 21, 1999, the court convened a hearing for negotiated dispositions in two pending cases. Appellant was present with counsel and an interpreter.

In case No. CF97603147-0, the court granted the prosecution's motion to amend the charge to second degree murder (Pen. Code, § 187, subd. (a)). Thereafter, appellant pleaded no contest to second degree murder and admitted the personal use of a firearm (*Id*., § 12022.5, subd. (a)(1)), pursuant to a negotiated disposition for 15 years to life plus five years. The parties stipulated to the preliminary hearing as the factual basis for the plea.

In case No. CF98603146-2, appellant pleaded no contest to count 2, manufacturing a controlled substance (§ 11379.6, subd. (a)) and admitted the attached enhancement under section 11379.8, subdivision (a)(1), for a negotiated disposition of eight years. The parties stipulated to the following factual basis for the plea, as stated by the prosecutor:

> "[PROSECUTOR]: [O]n … April the 10th of 1997, the defendant Sergio Pineda was at a residence where there were three 22 liter flasks cooking methamphetamine. This defendant's fingerprints were found on all three of those flasks. It was also precursor material and methamphetamine stains on his clothing. [¶] The methamphetamine that was being produced at that location, according to Mark Kalchek at the Department of Justice[,] yielding 30 pounds of methamphetamine. [¶] It would have been valued at 1997 prices, wholesale somewhere between $270,000 and $1,800,000.

3.

"THE COURT: And Mr. Pineda, with the help of the interpreter, did you hear and understand the statement just made by the District Attorney.

"[APPELLANT]: Yes.

"[DEFENSE ATTORNEY]: Your Honor, we should add that it took place in Fresno County and that my client had the requisite intent consistent with [section] 11379.6[, subdivision] (a) which I stipulate that he did."

The court separately advised appellant, as to each plea, of his constitutional rights to a jury trial, to confront and cross-examine witnesses, and his privilege against self-incrimination. Appellant stated that he understood and waived his rights.

Appellant signed a change of plea form with the terms of the negotiated disposition, that stated he read and understood the terms of the agreement. The form had a signed statement from an interpreter, that she translated the contents and appellant said he understood.

As to each case, the court asked appellant if he understood what he was doing and the consequences of his plea; understood the contents of the change of plea form, with the assistance of an interpreter; and if he had any questions. Appellant said he understood and did not ask any questions.

The court asked appellant if he had any questions about the pleas he had just entered, or the consequences of the pleas. Appellant said no. The court asked if he signed and understood the change of plea form, and appellant said yes.

The court granted the prosecution's motion to dismiss the remaining charges in both cases.[3]

**Sentencing Hearing**

On December 10, 1999, the court held the sentencing hearing. Appellant was present with counsel and an interpreter.

---

[3] The court conducted the plea hearing on the murder charge during the morning session of October 21, 1999, and then took a recess. When the court reconvened in the afternoon, it conducted the plea hearing for the drug case.

4.

Defense counsel stated he spoke with appellant the previous day through the interpreter, and it was apparent "he was a little upset, and I trust some of his anger has gone away," and it was "brought to my attention that perhaps I had not exhausted all avenues of investigation." Counsel said he explained to appellant that his new information "did not appear to be credible under the circumstances."

Defense counsel further stated that he advised appellant that the court would consider any request to set aside the plea "as not only foolish, but probably inappropriate," and appellant felt he had been poorly represented. Counsel said he advised appellant of his appellate rights. Counsel stated that he had, again, reviewed appellant's file, and he did not know "that there's anything I could have done from an investigative standpoint, from my personal involvement in the case, that could have changed things as far as the way I evaluated the case."

> "[Appellant's] overall exposure and the potential risk of a murder one conviction with the enhancements, including prison priors and the potential consecutive sentences that would be imposed in aggravation for the additional drug case, were sufficient to convince me that this was a decent and honorable disposition that may result in a much earlier release from prison that he otherwise would have been entitled to under the circumstances."

Appellant addressed the court and confirmed the accuracy of his conversation with defense counsel and stated that he was prepared to go forward with his sentencing.

The prosecutor stated she would stand by the plea agreement, and defense counsel was correct that appellant's potential liability "would have probably exceeded 40 years to life absent this plea agreement."

The court stated:

> "As I also recall … , I think the record should reflect when the matter was assigned to this Court for trial, it was trailed several days for the purpose of additional investigation that was conducted between counsel before the entry of the plea. So that further satisfies the Court that [defense counsel] exhausted everything he could with respect to the status of the case prior to the entry of the plea. I remember we had extensive

5.

discussions about when the case should go forward and the status at that time, and I accommodated all counsel in terms of trailing the case for several days for that to continue to be looked into by counsel. And I thought the record should also reflect that as well."

In case No. CF97603147-0, the court sentenced the defendant to 15 years to life for second degree murder, plus a consecutive term of five years for the section 12022.5 enhancement.

In case No. CF98603146-2, the court sentenced appellant to the midterm of five years for count 2, manufacturing a controlled substance (§ 11379.6, subd. (a)), plus a consecutive term of three years for a quantity enhancement (§ 11379.8, subd. (a)(1)). Pursuant to the terms of the negotiated disposition, the court ordered the sentences in the two cases to be served concurrently with each other.

Appellant did not waive his right to file an appeal as part of the plea agreements, and he did not file notices of appeal in either case.

**Motion to Withdraw Plea**

In or about January 2002, three years after the sentencing hearing, appellant filed a "Motion to Vacate and/or Withdraw the Plea and/or Judgment, or in the Alternative, for Petition for Writ of Error Coram Nobis and/or Habeas Corpus" in the superior court as to both cases.

On or about February 7, 2002, the court stated it had reviewed appellant's motion and it raised "issues of questionable merit." The court stated appellant's "overriding justification" was his "belated contention that ineffective assistance of trial counsel prevented him from understanding the true consequences of his plea agreement, and that the alleged misinformation provided by his attorney made the resulting plea invalid." The court stated the proper procedure to bring such a claim was a through a petition for writ of habeas corpus.

The court further held the motion was improperly filed, vacated a scheduled hearing, and ordered the clerk to process the document as a petition for writ of habeas corpus. There are no further references to this motion in the instant record.

6.

## APPELLANT'S PETITION FOR RESENTENCING

The instant appeal is from the superior court's denial of appellant's petition, filed on March 12, 2020, in pro. per., for resentencing in cases Nos. CF97603147-0 and CF98603146-2, pursuant to Penal Code sections 1016.8 and 1170, subdivision (d). Appellant filed the request under the name of "Javier Soto."

Appellant's request asserted his pleas were not knowing, intelligent, and voluntary because defense counsel made certain claims to coerce him to agree with the plea bargain; that as a Spanish-speaking person, he did not understand the meaning of a "life" term as it was used in the plea agreement or discussed at the plea hearing; the interpreter never mention a "life" sentence; and the record was allegedly "silent" to show he was advised of, and gave a knowing and intelligent waiver of his constitutional rights as required by *Boykin* and *Tahl*.[4]

Appellant argued that Penal Code section 1016.8 prevented the court from enforcing the plea agreement, and he should be resentenced.

In support of his request, appellant submitted documentary exhibits consisting of the change of plea form, the transcript for the morning session of the October 21, 1999, plea hearing, where he pleaded no contest to murder, the transcript of the December 10, 1999, sentencing hearing; the probation report prepared for his sentencing hearing;[5] unfiled declarations dated in 2002, apparently relating to his 2002 motion to withdraw his plea, alleging his attorney never explained the consequences of his plea and said he would only serve a little time; a declaration from the attorney who apparently prepared

---

[4] *Boykin v. Alabama* (1969) 395 U.S. 238 and *In re Tahl* (1969) 1 Cal.3d 122.

[5] The probation report submitted by appellant included a factual statement about the murder charge, based on the preliminary hearing evidence that the parties stipulated to as the factual basis for his murder plea – that on December 22, 1991, witnesses saw defendant shoot and kill Jesus Palomino. Appellant disappeared after the murder and was not taken into custody until 1997, when he was arrested on the drug manufacturing charges.

7.

and filed the 2002 motion wherein appellant said his defense attorney never explained the plea agreement; and part of the 2002 motion to withdraw his plea.

On April 8, 2020, appellant sent a letter to the superior court asking if his petition for resentencing was filed and acknowledging that he filed it using the name Javier Soto and not his "convicted name" of Sergio Zarate Pineda.

On April 15, 2020, appellant refiled, in pro. per., the entirety of his petition for resentencing using the name Sergio Zarate Pineda.

**Denial of Motion for Resentencing**

On June 1, 2020, the superior court filed an order that denied appellant's petition for resentencing. The court first noted that appellant went by several aliases, and that he was in the custody of the Department of Corrections and Rehabilitation as Javier Soto.

Next, the court noted that appellant's petition was filed using the case numbers for both his murder and drug convictions, but it appeared he was only requesting resentencing on the murder conviction based on the allegation that his plea was not knowing, intelligent, and voluntary because he did not understand what the word "life" meant.

The court held it no longer had jurisdiction to resentence appellant under Penal Code section 1170, subdivision (d)(1), because that jurisdiction expired 120 days after he was originally sentenced in 1999.

The court acknowledged that Penal Code section 1016.8 went into effective on January 1, 2020, but it did not provide a procedure where appellant could challenge "now long ago final convictions." "It is instead a statement of the public policy of this state regarding plea bargains. Specifically, it declares that plea bargains that require a defendant to waive the ameliorative benefits of future legislation 'that may retroactively apply' after the plea has been entered are void as against public policy. However, the statute does not provide a substantive right to challenge long final plea agreements and

does not confer any jurisdiction in this Court by which it can consider [appellant's] 'request.' "

## DISCUSSION

On June 15, 2020, appellant filed a notice of appeal from the court's order of June 1, 2020.

On September 18, 2020, appellant filed a motion to consolidate this case with his appeal in the murder case, case No. 603146-2. On September 24, 2020, this court denied the motion.

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on October 20, 2020, we invited defendant to submit additional briefing. He has failed to do so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.[6]

## DISPOSITION

The judgment is affirmed.

---

[6] The trial court properly denied appellant's petition for resentencing. Effective January 1, 2020, the Legislature enacted Penal Code section 1016.8, that declares a plea "is not knowing and intelligent" if the bargain requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea. (Pen. Code, § 1016.8, subd. (a)(4).) Under this new law, "[a] provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy." (*Id.,* subd. (b); *People v. Barton* (2020) 52 Cal.App.5th 1145, 1152.)

Appellant did not waive unknown future benefits of legislative enactments or initiatives, and his petition for resentencing did not allege that he was entitled to the benefits of any subsequent changes in the law.